## Majeski v. Duzinski.

*Practice, C. P. — Capias ad satisfaciendum — Levy under fi. fa. — Interpleader.*

Where a party other than the defendant in a trespass action has claimed the property seized by the sheriff under an execution and an interpleader is allowed, the plaintiff may proceed under a writ of *capias ad satisfaciendum* for the arrest of the defendant where there is not disclosed enough property of the defendant, including that involved in the interpleader, to satisfy the judgment and costs.

Rule to set aside writ. C. P. No. 4, Phila. Co., June T., 1922, No. 7168.

C. E. *Outterson*, for plaintiff; B. D. *Oliensis*, for defendant.

SMITH, J., Aug. 8, 1924.—This was a rule to set aside writ of *ca. sa.* and discharge of defendant from imprisonment based upon the fact that a writ of *fi. fa.* had already been issued upon a judgment in trespass upon which the plaintiff had levied upon certain personal property of the defendant, some of which has been claimed by the defendant's wife. An interpleader was duly filed and is now pending in court. There has been no disposition as yet of the question of the disputed ownership involved in the interpleader. The plaintiff, without waiting for the determination of the interpleader proceedings, issued a *ca. sa.* against the defendant, by virtue of which the sheriff took him into custody, and the present petition was thereupon filed to vacate that writ.

Majeski v. Duzinski.

Under the Act of June 16, 1836, § 28, P. L. 755, it is provided that: "No writ of *capias ad satisfaciendum* shall in any case be executed where the defendant has real or personal property within the county sufficient to satisfy the judgment, and if the defendant shall not have sufficient property fully to satisfy the judgment and costs of execution, then such writ may be executed for the deficiency and for no more." There is no evidence before the court that the defendant has sufficient property, either real or personal, or the aggregate of both, to satisfy the judgment.

In the interpleader action there is a bond entered in double the amount of the appraisement judicially determined, so that the recovery of the plaintiff, if any, is limited to $193. Therefore, on its face there is not sufficient property levied upon to satisfy the judgment.

In the opinion of the court, the factor to be determined is: Is there sufficient property belonging to the defendant, either real, personal, or the aggregate of both, to satisfy the judgment? If there is, and an interpleader action has been brought, the plaintiff is bound to await the determination of that action before a *ca. sa.* may be issued. If, however, it is patent that there is not sufficient property to satisfy the judgment, a *ca. sa.* may be issued for the difference between the amount of the judgment and the amount levied on.

In Patton on Practice, page 601, he states: "In the case of *capias ad satisfaciendum* the *fi. fa.* and the *capias ad satisfaciendum* are usually issued at the same time, and the præcipe, therefore, includes the order both for the *fi. fa.* and the *ca. sa.* Under the statutes, the sheriff proceeds to the defendant's residence and makes a levy first on the personal property. If he finds no personal property, he proceeds against the real property, and if there be no real property, he proceeds against the person of the defendant: Act of June 16, 1836, § 19, P. L. 755."

It may be stated as a general rule that if the *capias* might have issued at any time prior to judgment, it may also issue to enforce the judgment: 3 Coke, 12.

In the case of Koehler *v.* Msichinsky, C. P. No. 2, Philadelphia, December Term, 1921, No. 1560, before Judge Stern, where the rule was made absolute, the sheriff had levied upon an automobile, the value of which was ample to have satisfied the judgment: Winder *v.* Smith, 6 W. & S. 424.

In the case at bar the amount is not ample to satisfy the judgment. The rule is discharged.